IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERMAN LAKEITH ROSS, #57941-177, | § § § | |
| Movant, | § § | No. 3:21-cv-00791-N (BT) |
| v. | § § | No. 3:18-cr-00460-N-5 |
| UNITED STATES of AMERICA, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Sherman Lakeith Ross, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Ross's § 2255 motion.

## Background

Ross pleaded guilty to possession with intent to distribute a controlled substance and aiding and abetting in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2, and the District Court sentenced him to 137 months' imprisonment. The Court entered its judgment on March 4, 2020. Ross did not appeal his conviction or sentence to the Fifth Circuit Court of Appeals.

1

On March 29, 2021, Ross filed this § 2255 motion (CV [ECF No. 1](#))[1] and a memorandum in support (CV [ECF No. 2](#)), in which argues that his trial attorney provided ineffective assistance of counsel when he failed to:

(1) object to the District Court's use of the 2018 version of the United States Sentence Guidelines (U.S.S.G.) manual;

(2) challenge the two-level increase for maintaining a premises under U.S.S.G. § 2D1.1(b)(12); and

(3) challenge the criminal history calculation in the Presentence Report (PSR).

In response, the Government argues that Ross's motion should be dismissed because it is time-barred, and Ross failed to show he is entitled to equitable tolling. In the alternative, the Government argues that Ross's claims lack merit, and his motion should be denied with prejudice. Ross filed a reply.

Thereafter, the undersigned magistrate judge entered findings and a recommendation that the District Court dismiss Ross's motion as time-barred. Ross filed objections, and the District Court re-referred the case to the magistrate judge for additional findings and a recommendation on the merits of Ross's claims.

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CV ECF" refers to this civil action, case number 3:21-cv-00791-N-BT, and "CR ECF" refers to the underlying criminal action, case number 3:18-cr-00460-N-5.

**Legal Standards and Analysis**

To prevail on a claim of ineffective assistance of counsel, Ross must show: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Under *Strickland*, a court's review of counsel's performance should be "highly deferential." 466 U.S. at 698. This is so because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence[.]" *Id.* at 689. And "[g]iven the almost infinite variety of possible trial techniques and tactics available to counsel, this Circuit is careful not to second guess legitimate strategic choices." *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993); *see also United States v. Scott*, 11 F.4th 364, 373 (5th Cir. 2021) (recognizing there are "countless ways to provide effective assistance in any given case") (quoting *Strickland*, 466 U.S. at 689).

Even if Ross proves his counsel's performance was deficient, he must still prove prejudice. To demonstrate prejudice, he must show "a reasonable

3

probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

"In the context of sentencing, prejudice means that but for his counsel's error, his sentence would have been significantly less harsh." *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (per curiam); *see also Glover v. United States*, 531 U.S. 198, 200 (2001) ("[I]f an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"); *United States v. Seyfert*, 67 F.3d 544, 548-49 (5th Cir. 1995) ("To satisfy the prejudice prong of the *Strickland* test in the context of a non-capital sentencing proceeding, a defendant must establish a reasonable probability that, but for the deficient performance of counsel, his sentence would have been significantly less harsh.") (citing *United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995); *United States v. Segler*, 37 F.3d 1131, 1136 (5th Cir. 1994)); *see also Potts v. United States*, 566 F.Supp.2d 525, 537 (N.D. Tex. 2008).

4

### 1. Ross fails to demonstrate that his attorney provided ineffective assistance of counsel at sentencing.

#### a. 2018 U.S.S.G. manual

Ross argues his trial attorney provided ineffective assistance of counsel when he failed to object to his offense level calculation on the basis that the District Court used the 2018 U.S.S.G. manual. Mem. 5 (CV ECF No. 2). Ross further argues he was sentenced in 2020, and the 2018 U.S.S.G. manual used for calculating his sentence was "two years obsolete." *Id.* Ross concludes he suffered prejudice because the ineffective assistance of counsel he received rendered his plea agreement "involuntary." *Id.* at 6.

Ross was sentenced on February 24, 2020, and the District Court properly used the 2018 U.S.S.G. manual because, at that time, it was the current version. The 2018 U.S.S.G. manual was effective on November 1, 2018, and no updated version was published in 2019, 2020, or 2021. Because there was no updated U.S.S.G. manual, Ross's attorney did not provide deficient performance by failing to object to the District Court's use of the 2018 edition of the U.S.S.G. manual. Similarly, Ross has failed to show prejudice. This claim fails under both prongs of the *Strickland* standard, and the Court should deny it.

#### b. U.S.S.G. § 2D1.1(b)(12)

Next, Ross argues his attorney provided ineffective assistance of counsel when he failed to question or challenge the two-level increase to his

base offense level under U.S.S.G. § 2D1.1(b)(12) for maintaining a premises. Mem. 5 (CV ECF No. 2); Reply 2 (CV ECF No. 12). Ross further argues "the government has records showing" he met with the confidential informant "in a number of places, including gas stations." Mem. 5 (CV ECF No. 2). Ross claims he suffered prejudice from Ross's attorney's ineffective assistance of counsel, and it rendered his plea agreement "involuntary." *Id.* at 6.

A two-level enhancement under § 2D1.1(b)(1) is appropriate when the defendant "maintained a premises for the purpose of manufacturing or distributing a controlled substance. U.S.S.G. § 2D1.1(b)(1). Ross argues § 2D1.1(b)(12) did not apply to him because he sold drugs at locations other than his house. Even if true, the record shows Ross sold drugs from his home, and this fact supports the District Court's application of § 2D1.1(b)(12) at sentencing. *See United States v. Lopez*, 750 F. App'x 349, 351 (5th Cir. 2018) (per curiam) (there can be more than one primary use of a building for purposes of determining the application of the enhancement); *see also Hawkins v. United States*, 2022 WL 2182186, at \*6 (N.D. Tex. May 10, 2022), *rec. adopted* 2022 WL 2181069 (N.D. Tex. June 16, 2022). As set forth in the PSR, (1) Ross used his residence to distribute narcotics; (2) confidential informants purchased cocaine and heroin from Ross, and they informed law enforcement agents that Ross was known to sell narcotics "regularly" from his home; and (3) law enforcement agents observed individuals consistently traveling to and from Ross's residence but never

6

staying more than ten minutes—activity that is consistent with drug trafficking. (PSR ¶¶ 19, 20, 22, 38); *see also* (CR ECF No. 562) (adopting the PSR "without change"). The District Court properly determined § 2D1.1(b)(12) applied to Ross's sentence at sentencing.

Ross has not shown that his attorney provided ineffective assistance by failing to raise a frivolous argument that § 2D1.1(b)(1) did not apply at sentencing. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (counsel is not required to make frivolous arguments). Similarly, Ross has failed to demonstrate he suffered prejudice. Therefore, this claim fails under both prongs of the *Strickland* standard, and the Court should deny it.

### c.  criminal history

Last, Ross argues his attorney should have challenged the criminal history calculation in the PSR. Mem. 5 (CV ECF No. 2); Reply 2 (CV ECF No. 12). Specifically, Ross contends his criminal history "should [have been] 5," despite the fact that there were "intervening arrests" in paragraphs 53-56 because they were "consolidated for the purpose" of his "[s]tate plea agreement to a 20 year sentence." Mem. 5 (CV ECF No. 2). Ross further contends "there were no instructions of the charges being applyed [sic] concurrently [sic] or consecutively to one another." *Id.* Ross argues his attorney's ineffective assistance at sentencing rendered his plea agreement "involuntary." *Id.* at 6.

7

Under U.S.S.G. § 4A1.1(a), a court must add three points for each "prior sentence of imprisonment" that exceeds one year and one month. Section 4A1.2(a)(2) provides: "Prior sentences are always counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)."

Ross was arrested for four distinct state crimes in 1999, (PSR ¶¶ 53-56), and he is correct in stating those four crimes were separated by intervening arrests, Mot. 5 (CV ECF No. 2). On January 24, 1999, Ross was arrested for unlawful possession of a firearm by a felon (PSR ¶ 53); on February 21, 1999, he was arrested for deadly conduct, firing a gun into a crowd of people (PSR ¶ 54); on March 10, 1999, he was arrested for murder (PSR ¶ 55); and on October 6, 1999, he was again arrested for unlawful possession of a firearm by a felon. (PSR ¶ 56.) Ross received four state sentences for the four state offenses that were separated by intervening arrests. Therefore, each of the four sentences added three points to Ross's criminal history score. *See* U.S.S.G. § 4A1.1; *see also United States v. Rosa, No. 21-50197, 2021 WL 6140243, at \*1 (5th Cir. Dec. 29, 2021)* (per curiam).

Ross claims his attorney should have argued the four state cases were "consolidated" for "the purpose" of his plea agreement with the State, but such an argument is meritless. The PSR demonstrates: Ross had convictions in four different state cases in 1999; each state case was assigned a different

8

case number; and each state case was separated by intervening arrests. In sum, the District Court properly calculated Ross's criminal history score to be 14. (PSR ¶ 59.) Accordingly, Ross has not demonstrated his attorney provided ineffective assistance of counsel, and he has not shown prejudice. This claim fails under both prongs of the *Strickland* standard, and the Court should deny it.

## Recommendation

The Court should DENY Ross's motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.

Signed April 12, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)